## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **PREMIER, LLC,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  6:24-cv-01007-RDP** |
| | } | |
| **JAS TRANSPORTERS,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff Premier LLC's ("Plaintiff") Motion for Default Judgment against Defendant JAS Transporters ("Defendant"). (Doc. # 23). Plaintiff seeks entry of default judgment against Defendant for $137,918.04. (*Id.* at 2). Plaintiff does not expressly seek entry of default as to liability, although the court construes its motion to include such a request because a finding of liability is a prerequisite for awarding damages. After careful consideration, the court concludes that Plaintiff's Motion is due to be granted.

## I.    Background

On November 15, 2024, Plaintiff served Defendant, through its registered agent Bhupinder Singh, with a copy of his summons and complaint. (Doc. # 9). The complaint alleges that Defendant owned or leased a tractor and semi-trailer that overturned on the shoulder of U.S. Interstate 22 after its driver fell asleep, lost control of the rig, struck a construction zone sign, and overturned the rig. (Doc. # 1 ¶ 8). The complaint further alleges that chemical cargo being hauled was spilled when the rig overturned, and that at 1:20 a.m. the Alabama State Trooper's office was notified and responded. (*Id.* ¶ 10). The Alabama Law Enforcement Agency then requested heavy wrecker assistance to remove the overturned rig and to clear the accident scene along with the

spilled cargo. (*Id.* ¶ 11). Plaintiff was the nearest heavy wrecker service on rotation on that night, so it responded by sending one heavy wrecker, one medium wrecker, one service truck, one pilot car, and numerous personnel to the accident site. (*Id.* ¶¶ 12-13). To clear the accident, Plaintiff's personnel had to turn Defendant's rig upright, repack the contents of the trailer, tow the rig to Plaintiff's facility in Hamilton, Alabama, and transport the driver and co-driver to the Birmingham airport. (*Id.* ¶ 14). Plaintiff submitted an itemized statement for these services to Defendant on November 13, 2023; Defendant did not object. (*Id.* ¶¶ 15-16). Plaintiff submitted an updated statement to Midway Insurance, who was purportedly acting on behalf of Defendant, on November 29, 2024. (*Id.* ¶ 17). Plaintiff asserts that $200 per day storage fees have continued to accrue since the date of the initial tow. (*Id.* ¶ 18).

Plaintiff's complaint contains three counts: (1) Open Account; (2) Account Stated; and (3) *Quantum Meruit*. (*Id.* at 5-7). In its complaint, Plaintiff seeks money damages in the amount of $98,700. (*Id.* at 7). Despite being properly served, Defendant failed to answer or otherwise respond. (Doc. # 23 ¶ 4). Following the entry of default by the Clerk of Court on March 7, 2025 (Doc. # 20), Plaintiff filed this Motion for Default Judgment seeking a default judgment against Defendant in the amount of $137,918.04. (Doc. # 23).

## I.    Standard of Review

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, entry of default judgment is only appropriate when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). Under this standard, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, similar to that of a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 678, (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted).

## II.    Analysis

Plaintiff asserts that Defendant violated Alabama common law by failing to pay the amount owed to Plaintiff for removing and towing Defendant's rig, repackaging cargo to clear the scene, transporting the driver and co-driver to the Birmingham airport, and storing the rig for $200 per day. The court first evaluates the basis for liability before considering the claim for damages.

### A.    Liability

#### 1.    Open Account

"A plaintiff establishes a prima facie case in an action for money due on [an] open account by presenting evidence that money was delivered to the defendant, that it was a loan, and that it has not been repaid." *Livingston v. Tapscott*, 585 So. 2d 839, 841 (Ala. 1991) (internal citation removed). To establish an open account theory, a plaintiff "must prove by competent evidence that some term of the contract was left open and undetermined by the parties." *Car Center, Inc. v. Home Indem. Co., Inc.*, 519 So. 2d 1319, 1323 (Ala. 1988) (citing *Nance v. Countess*, 78 So. 464 (1918)). A suit based on an account "must be founded upon a contract, express or implied." *Marsala v. Gulf Shores Bldg. Supply, Inc.*, 367 So. 2d 479, 481 (Ala. Civ. App. 1979). "There are two kinds of implied contracts – those implied in fact and those implied in law. Contracts implied in law are more properly described as quasi or constructive contracts where the law fictiously

supplies the promise [to pay for the labor or services of another] to prevent a manifest injustice or unjust enrichment." *Assocs. Comm. Corp. v. Roberts*, 844 So. 2d 1256, 1261 (Ala. Civ. App. 2002) (quoting *Phillips v. Fuller*, 814 So. 2d 885, 888 (Ala. Civ. App. 2001)).

Here, Plaintiff alleges the existence of an implied-in-law contract because it provided services to Defendant with the reasonable expectation of reimbursement, and failure to pay would result in unjust enrichment. *See Roberts*, 844 So. 2d at 1261. There is a reasonable expectation that any carrier operating a truck on an interstate could be involved in an accident and that, in turn, such accident could result in towing and cleanup charges. Not only was there an implied-in-law contract between Plaintiff and Defendant, but also, there was an open term of the contract – specifically, the dates on which Defendant would end the contract for storage of its rig and on which Defendant would pay its bill. Because Plaintiff has adequately alleged these elements of an open account theory, and Defendant has defaulted, the allegations are admitted. Accordingly, Plaintiff is entitled to a default judgment on its Open Account claim in Count I.

### 2.    Account Stated

Plaintiff has also adequately alleged an account stated theory. In Alabama:

> A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account."

*Univ. S. Ala. v. Bracy*, 466 So. 2d 148, 150 (Ala. Civ. App. 1985) (citations omitted).

To satisfy the first element, a creditor must mail a bill with a proper address and sufficient postage. *Ayers v. Cavalry SVP I, LLC*, 876 So. 2d 474, 477-78 (Ala. Civ. App. 2003). To satisfy the second and third elements, there must be "an express or implied agreement to pay the bill." *Id.*

at 478. "An implied agreement to pay a bill can arise only where there has been a showing that the bill was rendered and the recipient of the bill failed to object within a reasonable time." *Car Center, Inc. v. Home Indem. Co., Inc.*, 519 So. 2d 1319, 1323 (Ala. 1988) (citing *Home Federal Savings & Loan Ass'n v. Williams*, 158 So. 2d 678 (1963)).

Plaintiff has alleged that it submitted an itemized statement on November 13, 2023 and that it submitted an updated statement to Midway Insurance, acting on behalf of Defendant, on November 29, 2024. (Doc. # 23-2 at 3). Defendant never objected. (Doc. # 23 ¶ 4). Therefore, in light of Defendant's default, Plaintiff's allegations about the account stated are deemed admitted and are sufficient to establish the necessary elements: a statement of the account being rendered to the debtor, a meeting of the minds, and admission of liability. Accordingly, Plaintiff is entitled to a default judgment on its Account Stated claim in Count II.

### 3.    *Quantum Meruit*

Finally, Plaintiff has adequately alleged a *quantum meruit* claim. "Recovery on a theory of quantum meruit arises when a contract is implied." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (citing *Brannan & Guy, P.C. v. City of Montgomery*, 828 So. 2d 914 (Ala. 2002)). Moreover:

> It is the settled law of this State that where one knowingly accepts services rendered by another, and the benefit and the result thereof, the law implies a promise on the part of the one accepting with knowledge the services rendered by another to pay the reasonable value of such services rendered.

*Hendrix, Mohr & Yardley, Inc. v. City of Daphne*, 359 So. 2d 792, 795 (Ala. 1978). Therefore, "[i]n order to succeed on a claim based on a theory of quantum meruit, the plaintiff must show that it had a reasonable expectation of compensation for its services." *Mantiply*, 951 So. 2d at 656.

Plaintiff has alleged that it responded to towing requests from the Alabama Law Enforcement Agency in response to the overturning of Defendant's rig on Interstate 22. (Doc. # 1

¶ 13). This was a necessary response to an overturned rig on the interstate because the accident had created "a hazard to interstate travel." (*Id.* ¶ 14). Defendant's driver and co-driver also "had to be transported to the Birmingham Alabama Airport for return transportation since the rig was in[operable]." (*Id.*). Together, these circumstances indicate that Defendant knowingly accepted the services rendered by Plaintiff and had the benefit of having its rig cleared off the interstate and having its drivers delivered to the airport. Therefore, Alabama law implies a promise to pay the reasonable value of these services. Due to Defendant's default, Plaintiff's allegations are deemed admitted and are sufficient to establish the elements of a *quantum meruit* claim in Alabama. Accordingly, Plaintiff is entitled to a default judgment on its *quantum meruit* claim in Count III.

### B.    Damages

When evaluating a claim for damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via a . . . demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up). Plaintiff seeks an award of damages in the amount of $137,918.04. (Doc. # 23 at 2). Plaintiff attaches a Sworn Declaration by Dwight Lamb (owner and managing member of Premier, LLC), explaining that this number is the result of adding together:

> a. Non- Storage charges of $46,550.00 which includes cost of cleanup, use of big wrecker, med[ium] wrecker, roll back service truck, pilot car, landoll, KW and Van Trailer[,] Cat loader, big loader  transportation of crew to airport, shrink wrap.
> b. Storage Charges of $200 per day for 413 days equals $82,600.00
> c. Subtotal of $129,150.00
> d. Prejudgment interest at 6 percent on balance due as of December 26, 2024, of $8,768.04 (6% of 129,150 =$7,749/365 is $21.23 per diem x 413 days)

(Doc. # 23-2 at 3).

These damages allegations were adequately alleged in the Complaint, are supported by a detailed affidavit, and are "for a sum certain or a sum that can be made certain by computation." *See* Rule 55(b); *Anheuser Busch*, 317 F.3d at 1266-67. For this reason, default judgment is merited as to damages as well as liability.

**III.    Conclusion**

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 23) is due to be granted.

**DONE** and **ORDERED** this April 7, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE